UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORER'S WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:08CV1479 JCH |
| TRICAMO CONTRACTING CO., INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Tricamo Contracting Co., Inc.'s Rule 60 Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 40), filed January 28, 2011. This matter is fully briefed and ready for disposition.[1]

**Legal Standard**

The Eighth Circuit has provided the standard for this Court to review a motion pursuant to Fed.R.Civ.P. 60(b):

> Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. A Rule 60(b) motion is committed to the sound discretion of the trial court, and we review the district court's decision to grant or deny the motion only for an abuse of discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072, 83 L. Ed. 2d 506, 105 S. Ct. 565 (1984). "'Abuse of discretion occurs if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions.'" Hosna v. Groose, 80 F.3d 298, 303 (8th Cir. 1996) (quoting International Ass'n of Machinists & Aerospace Workers v. Soo Line R.R., 850 F.2d 368, 374 (8th Cir. 1988) (en banc), cert. denied, 489 U.S. 1010, 103 L. Ed. 2d 181, 109 S. Ct. 1118 (1989)), petition for cert. filed (U.S. June 28, 1996) (No. 95-9498). Although

---

[1] Tricamo Contracting Co., Inc. ("Tricamo Contracting") has not filed a reply brief in support of its motion, but the time for filing a reply brief has expired.

> we have said that Rule 60(b) motions are disfavored, we also recognize that they "serve a useful, proper and necessary purpose in maintaining the integrity of the trial process, and a trial court will be reversed where an abuse of discretion occurs." Rosebud Sioux Tribe, 733 F.2d at 515.

MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir. 1996). Parties are granted relief under Rule 60(b) only in "extraordinary" circumstances. In re Medtronic Inc., Sec. Litig., No. 07-4564, 2009 U.S. Dist. LEXIS 45454, at *5 (D. Minn. May 29, 2009)(citations omitted).

## Analysis

On September 26, 2008, Plaintiffs filed a Complaint against Defendant Tricamo Contracting. (Doc. No. 1). On May 26, 2009, an Amended Judgment by Default was entered against Defendant Tricamo Contracting. (Doc. No. 16). On October 28, 2010, Plaintiffs filed a Motion for Creditor's Bill in Equity and to Pierce the Corporate Veil. (Doc. No. 30). In that Motion, Plaintiffs asked this Court to pierce the corporate veil of Tricamo Contracting to satisfy the judgment from its alter egos, American Holiday Pools, Inc. and Domenico Tricamo. Plaintiffs provided information that American Holidays Pools, Inc. paid the lease on trucks owned by Tricamo Contracting, operated out of the same address as Tricamo Contracting, and used the same bookkeeper as Tricamo Contracting. (Doc. No. 31). Notably, Plaintiffs sent a copy of their Motion for Creditor's Bill in Equity and to Pierce the Corporate Veil to Neil Bruntrager, 1735 S. Big Bend, St. Louis, MO 63117.[2] (Doc. No. 30, p. 2; see also Doc. No. 33, p. 1, n. 1 (noting that Plaintiffs mailed copies of their Motion to Mr. Bruntrager)). After receiving no response from Defendant, this Court granted Plaintiffs' Motion to Pierce the Corporate Veil. (Doc. No. 33).

---

[2] Mr. Bruntrager had not entered in this case as of October 28, 2010, but had been involved in resolving the Motion for Contempt. See Doc. Nos. 26, 28 (Mr. Bruntrager was included on the certificates of service); see also Doc. No. 41, p. 3.

In the present Motion, Tricamo Contracting moves this Court for relief from its Order issued on January 13, 2011, granting Plaintiffs' Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil. (Doc. No. 41). Defendant claims that Domenico Tricamo did not attempt to deceive the creditors. (Id., p. 2). Tricamo Contracting went out of business and owed at least $100,000 to suppliers and a significant amount of money to the Internal Revenue Service. Domenico Tricamo claims that he started American Holiday Pools to get involved in the business of building swimming pools. (Id.). He leases equipment from Tricamo Contracting that is subject to an IRS lien, but does not utilize the same union employees as Tricamo Contracting. (Id.).

Defendant claims that "special circumstances justify vacating" this Court's Order, dated January 13, 2011.[3] (Doc. No. 41, p. 3). Defendant asserts that "the failure to respond to the motion could have been addressed at an earlier moment, if plaintiff's [sic] counsel had taken the time to ask counsel about the failure to respond. The failure to respond was inadvertent." (Id.). As this Court noted in its January 13, 2011 Order, however, Defendant and Defendant's counsel were both provided copies of the motion. (Doc. No. 30, p. 2; Doc. No. 33, p. 1; Doc. No. 42, p. 2). Thus, this Court finds no excusable neglect to justify vacating its Order. Therefore, this Court finds no basis under Fed.R.Civ.P. 60(b) to grant Defendant's Motion.

---

[3] Defendant mistakenly refers to "vacating the judgment of January 13, 2011." As stated, the Amended Judgment by Default was entered on May 26, 2009--almost two years ago.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tricamo Contracting Co., Inc.'s Rule 60 Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 40) is **DENIED**.

Dated this 15th day of February, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE